IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANICE LYNN SANCHEZ,
as Personal Representative of
the ESTATE OF MARLYSA
SANCHEZ and Next Friend of
E.T., a Minor Child,

    Plaintiffs,

v.                                                                                                          1:20-cv-00550-LF-SCY

ROBERT RUSHTON, in his
individual and official capacities,
and the VILLAGE OF RUIDOSO,
a New Mexico Municipality,

    Defendants.

## ORDER APPROVING SETTLEMENT

THIS MATTER comes before me on the parties' Joint Motion for Fairness Hearing to Obtain Court Approval of Settlement Involving a Minor Child, filed on February 9, 2021.  Doc. 38.  The parties consented to me to make a final disposition in this case.  Docs. 5, 6, 8.  I appointed a guardian ad litem ("GAL") for the minor child (Doc. 37), and I've carefully reviewed the GAL's report (Doc. 43).[1]  I conducted a fairness hearing on March 4, 2021, via Zoom.  See Doc. 44.  At the hearing, Philip Davis and Andrew Ortiz appeared on behalf of the Plaintiff, Janice Lynn Sanchez.  Ms. Sanchez also appeared.  Bryan Evans appeared on behalf of the Defendant Robert Rushton, and Richard Olson appeared on behalf of the Village of Ruidoso.  Adam D. Rafkin appeared as the court-appointed GAL for E.T.  For the reasons explained below, I approve the settlement agreement between the Plaintiff and Defendants

---

[1] The Court previously found that the GAL, Adam Rafkin, Esq., was qualified to act as GAL in this case.  Doc. 37 at 2.  A copy of his affidavit, which outlines his qualifications to act as GAL, is attached to the notice filed on January 25, 2021.  See Doc. 36-1.

Robert Rushton and the Village of Ruidoso as it relates to E.T., the sole beneficiary of the wrongful death estate of Marlysa Sanchez.

The Court reviews settlements involving minor children and incapacitated persons for fairness. *See Thompson v. Maxwell Land-Grant and Railway Company,* 168 U.S. 451, 463–65 (1897). Before approving such an agreement, the Court must ensure that the minor's interests will be adequately protected. *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (courts have a general duty to protect the interests of minors); FED. R. CIV. P. 17(c); *see also United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (When interests of minors are at stake, the trial judge has an obligation to see that the children were properly represented by their representatives and by the Court.).

This case arises out of an encounter between Defendant Officer Robert Rushton and decedent Marlysa Sanchez in Ruidoso on November 5, 2017. As a result of the encounter, Officer Rushton shot and killed Marlysa Sanchez. Marlysa Sanchez was the mother of E.T., currently age 9. At the time of her death, Marlysa Sanchez had lost custody of E.T., but she had regular visitation rights, which she exercised. Both then and now E.T. lives with his biological father in Albuquerque. The relationship between Marlysa Sanchez and E.T.'s father was tense, but E.T. was close with both parents. E.T. remains close to his father, and also has close relationships with his maternal grandparents and uncle. E.T. has no special needs other than having to grapple with the loss of his mother. Plaintiff Janice Lynn Sanchez is E.T.'s maternal grandmother.

The report prepared by the GAL outlines the facts of the case, which I will not repeat. Doc. 43 (filed under seal). The Court received testimony from the GAL and Ms. Sanchez, and it also heard the argument of counsel. I have considered the evidence and argument presented at

the hearing, the GAL report, and the basic terms of the proposed settlement, which are outlined in the GAL report and the attached exhibits.   I find that the proposed settlement satisfies the four factors set forth in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984), which the court considers when deciding whether to approve a settlement.   These factors are:   "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; . . .(4) the judgment of the parties that the settlement is fair and reasonable."   *Id*.   I also find that the settlement is in the best interests of the minor child E.T.   *Garrick*, 888 F.2d at 693.

   I find that the proposed settlement and the total amount of the settlement[2]  were fairly and honestly negotiated.   To reach a settlement, the parties participated in in two formal mediations.   The first was with retired New Mexico State Judge William Lang.   Although the parties made progress in that mediation, they did not settle the case.   The parties participated in another formal mediation early this year with Magistrate Judge Steven Yarbrough, which ultimately was successful.   The attorneys described the settlement negotiations and mediation process, which indicate that the settlement was fairly and honestly negotiated.   The settlement resulted from both sides recognizing the strengths and weaknesses of the case, the likelihood that the case would involve extensive litigation and attorney's fees, and that both sides faced risks if the case proceeded to a trial.   Plaintiff Janice Sanchez was involved in both mediations and ultimately agreed to the final settlement after consulting with her attorneys.   Ms. Sanchez testified that she

---

[2] Plaintiff also recovered a small sum in an IPRA settlement, which has been added to the total funds to be disbursed.   *See* Doc. 43 at 7, Doc. 43-2.

believed the settlement was fair and reasonable, that she was not threatened or coerced into agreeing to the settlement, and that she wanted the Court to approve the settlement. She also testified that she understood that the settlement resolves all her claims against Officer Rushton and the Village of Ruidoso in both the state and federal cases. I find that the settlement was honestly and fairly negotiated.

I also find that serious questions of law and fact place the outcome of this litigation in doubt. Plaintiff filed claims in state court arising out of the same set of facts in April 2019, and most of the discovery was done in that case. The state case was set for trial in September of 2020, but the trial setting was vacated in April 2020 and never was reset. Indeed, the originally assigned judge retired, and the case has yet to be reassigned. In the federal case, Defendants were planning to file a dispositive motion based on qualified immunity. If the Court decided to dismiss the § 1983 claim, the only remaining claims would have been the state claims. Considerations of comparative fault on the state claims could have left E.T. with less than the sum negotiated in the settlement agreement. Based on the facts outlined in the GAL's report, a jury reasonably could have concluded that the decedent was partly or even entirely responsible for the incident that caused her death, which would have reduced any recovery on the state claims.

If the Court denied the dispositive motion based on qualified immunity, the Defendants could have taken an interlocutory appeal to the Tenth Circuit, which would have caused substantial delay and could have resulted in a reversal of any decision that denied qualified immunity to the officer involved. Even if the § 1983 claim eventually was tried before a jury, any recovery on that claim was highly uncertain. Based on the disputed facts as outlined in the GAL report, a jury could find that the force used by Officer Rushton was objectively reasonable

under the totality of the circumstances, *see Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1253 & n.4 (10th Cir. 2013), which would have resulted in a defense verdict.   Even if the jury found the force excessive, the value of the damages was limited.   Marlysa Sanchez had little employment history.   There also was evidence that she frequently used drugs and that she had methamphetamine in her system when she died.   She did not live with E.T., nor did she support him financially.   Thus, the length and quality of her life was uncertain even if it had not been cut short.   In addition, there were no medical bills associated with Marlysa Sanchez's death, only funeral expenses.   Having heard from the parties and having reviewed the GAL's report, I find there are serious questions of law and fact which place the outcome of this litigation in doubt, including the amount of any future recovery.

I further find that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.   At the hearing, the GAL explained that given the uncertainty of a favorable outcome, the certainty of a lump sum payment now was far better than the possibility of receiving less or even nothing should the litigation continue.   I also have reviewed the GAL's report and the proposed disposition of the settlement funds.   After paying attorneys' fees and costs, and after paying a nominal amount to Janice Sanchez for acting as the personal representative, the remaining balance will be used purchase an annuity for E.T.   The annuity is structured to preserve the settlement assets until E.T. turns 18, at which time the annuity will begin to provide financial assistance to E.T. during his early adulthood.   *See* Doc. 43-1.   The structure will assist him in attaining an education or supporting himself in early adulthood.   The largest and final payout will occur on E.T.'s 30th birthday, which may assist him in purchasing a home or provide other assistance to him when he is more mature.   I find

that the proposed structure of the distribution of the settlement proceeds are in the best interests of the minor child.

The GAL report also noted that under the terms of the contingency fee agreement, Plaintiff's counsel would be entitled to more attorney's fees than they are being paid, but that Plaintiff's attorneys have reduced their fees by approximately $15,000. The fee agreement with Plaintiff is fair and reasonable, and provided for a percentage of the settlement proceeds that is comparable to agreements in other civil rights cases. The attorney's fees themselves are reasonable, particularly given the reduction in fees and the amount of work that was done on the case. Mr. Davis estimated that more than 600 attorney hours had been expended on the case so far. The attorney's fees paid in this case are significantly less than what the attorneys would have billed at their hourly rates. The total costs also are reasonable. The total costs include the costs from the state court case as well as this case. These costs are reasonable, given the extent of the discovery completed in the state case. The attorney's fees and costs will be paid from the settlement proceeds, as is standard in these types of cases. The defendants will pay the GAL fees.

All counsel, the GAL, and Ms. Sanchez believe that the settlement is fair and reasonable, and I agree. I find that the settlement is in the best interests of the minor child, and that the structure of the distribution of the settlement proceeds also is in the best interests of the minor child. I find that the *Jones* factors are satisfied. I therefore approve the proposed settlement between Plaintiff Janice Lynn Sanchez and Defendants Robert Rushton and the Village of Ruidoso as it relates to E.T., the minor beneficiary of the wrongful death estate of Marlysa Sanchez. Specifically, the total settlement amount is approved, the structured settlement chosen by Ms. Sanchez as outlined in Doc. 43-1 is approved, the payment of Plaintiff's attorney fees and

costs as outlined in Doc. 43-2 is approved, and the net settlement is approved, to be disbursed as outlined in Docs. 43-1 and 43-2.   Mr. Rafkin is released from his duties as guardian ad litem, and Defendants shall pay his fees.   The parties will file closing documents no later than Monday, April 5, 2021, absent a written motion showing good cause for an extension.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent